### COMMONWEALTH *vs.* EUGENE GRAVES.

Suffolk.    November 23, 1891. — January 5, 1892.

Present· ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Constitutional Law — Habitual Criminal Act.*

The habitual criminal act, St. 1887, c. 435, is applicable to cases in which the former convictions relied on were before the passage of the statute; and so construed, it is not unconstitutional.

INDICTMENT for abortion, and also charging the defendant with being an habitual criminal under the St. of 1887, c. 435, § 1, in that he had been "twice convicted of crime, sentenced, and committed to prison in this Commonwealth, with terms of imprisonment of not less than three years each, that is to say," in December, 1879 and 1882, in each instance " of the crime of breaking and entering a building in the night-time, with intent

to commit the crime of larceny therein and stealing therein."
Trial in the Superior Court, before *Braley,* J., who allowed a
bill of exceptions, in substance as follows.

The government offered in evidence certified copies of the record of the two former convictions and sentences of the defendant as alleged in the indictment, and also evidence of identification and of the fact that the defendant had served out such sentences. The defendant objected, on the grounds that the statute was retrospective in intent or operation, and was unconstitutional; and that any conviction and punishment that had occurred long before its enactment were covered by its scope. The judge admitted the evidence, and the defendant duly excepted.

The judge, among other things, instructed the jury, that, if they were satisfied that the defendant was the person named in the record of the prior convictions and sentences that had been put in evidence, and also found him guilty of abortion as charged in the indictment, then they would be authorized to find that he was an habitual criminal, within the meaning of the St. of 1887, c. 435.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*P. H. Hutchinson,* for the defendant.

*C. N. Harris,* Second Assistant Attorney General, (*A. E. Pillsbury,* Attorney- General, with him,) for the Commonwealth.

KNOWLTON, J.   Under the St. of 1887, c. 435, § 1, " Whoever has been twice convicted of crime, sentenced, and committed to prison, in this or any other State, or once in this and once at least in any other State, for terms of not less than three years each, shall, upon conviction of a felony committed in this State after the passage of this act, be deemed to be an habitual criminal, and shall be punished by imprisonment in the state prison for twenty-five years," etc.

The defendant contends that this statute can only be applied to cases in which the former convictions on which sentences were imposed were subsequent to the passage of the act, and that, if it included cases in which the former convictions were before, it would be unconstitutional.

The statute relates to the judgment to be rendered and the sentence to be imposed in cases arising after it goes into effect.

It is prospective and not retrospective. It deals with offenders for offences committed after its passage, but it provides that, in considering the nature of an offence and the condition into which the offender is brought by it, his previous conduct may be regarded. The meaning of the statute in this particular seems clear, and we have no doubt that it is applicable to the case before us. With this construction it is not unconstitutional as an *ex post facto* law. In punishing offences committed after its passage, it punishes the offenders for a criminal habit whose existence cannot be proved without showing their voluntary criminal act done after they are presumed to have had knowledge of the statute. Such an act is a manifestation of the habit, which tends to establish and confirm it, and for which the wrong-doer may well be held responsible.

That statutes of this kind are constitutional is settled by well considered adjudications of this court. *Ross's case,* 2 Pick. 165. *Commonwealth* v. *Phillips,* 11 Pick. 28. *Plumbly* v. *Commonwealth,* 2 Met. 413. *Commonwealth* v. *Hughes,* 133 Mass. 496. *Commonwealth* v. *Marchand, ante,* 8.                    *Exceptions overruled.*