STATE OF IOWA, Appellee v. VERNON DOWDEN, ALIAS THOMAS WOOD, Appellant.

**Larceny:** INDICTMENT: DUPLICITY. The allegation of an indictment
1 charging larceny which simply shows the artifice and false pretenses by which defendant obtained possession of the property, does not charge the distinct offense of cheating by false pretenses, and a motion to require the State to elect upon which it will rely is not good.

**Same:** INCREASED PUNISHMENT. An indictment charging former
2 convictions with a view to increasing the punishment as provided in Code Supplement, section 5091a, need not state the precise location of the prison or prisons in which defendant was previously confined.

**Same:** CONSTITUTIONAL LAW. Section 5091b, Code Supplement, pro-
3 viding that authenticated copies of a former judgment and commitment shall be competent evidence thereof in a subse-

quent prosecution, is not unconstitutional because *ex post facto* in its operation.

**Same.** Section 5091a, Code Supplement, providing that a defendant who has been twice convicted of crime shall suffer an increased punishment on a subsequent conviction for felony, is not unconstitutional because applying to convictions prior to its enactment.

**Same:** HABITUAL CRIMINALS: PUNISHMENT. A statute which prescribes severer punishment for one shown to be an habitual criminal is not necessarily void because imposing unusual and cruel punishment.

*Appeal from Fayette District Court.*— HON. L. E. FELLOWS, Judge.

TUESDAY, MARCH 10, 1908.

DEFENDANT was indicted for the crime of larceny, and was also charged with being an habitual criminal. Upon trial he was convicted and sentenced to the penitentiary for the term of thirty-five years. He appeals.— *Affirmed.*

*C. H. Rohrig,* for appellant.

*H. W. Byers, Attorney General,* and *Chas. W. Lyon, Assistant Attorney General,* for the State.

DEEMER, J.— The indictment charges "that Vernon Dowden at and within said county on the 13th day of March, 1907, willfully, fraudulently, by trick and artifice, and by false pretenses, with felonious intent on part of said defendant, Vernon Dowden, to steal and fraudulently convert the same to his own use, and deprive the owner thereof without his consent, did then and there in the manner aforesaid obtain from George Frey a certain mare, and did then and there in the manner aforesaid feloniously steal, take and carry away said mare, of the value of $65, of the property of George Frey, contrary

1. LARCENY: indictment: duplicity.

to the statute in such case made and provided, and against the peace and dignity of the State of Iowa; that on the 7th day of December, 1895, a judgment was rendered against the defendant, Vernon Dowden, under and by the name of Mark Bending, in the district court of Hancock county, State of Iowa, for the crime of arson, of which he was then and there convicted and sentenced to prison for the term of three and one-half years; that on the 24th day of January, 1899, another judgment was rendered against the defendant, Vernon Dowden, under and by the name Richard Bond Risley in the district court of Hancock county, Iowa, for the crime of arson, of which he was then and there convicted and committed to prison for the term of ten years." Defendant moved the court to require the State to elect upon which count it would try him. This motion was overruled, and exception taken. The motion was bottomed upon the thought that the indictment charges both larceny and cheating by false pretenses. But this is not so. The charge is of larceny and not of cheating. The allegation as to trick, artifice and false pretense was to show the means whereby defendant obtained the possession of the property, and not to charge an independent crime. *State v. Finnegan,* 127 Iowa, 286.

II. Next it is argued that the indictment is insufficient under the habitual criminal act, because it does not charge that defendant was committed to a prison in this or

2. SAME: increased punishment.

in any other State. The act in question provides for an increase of punishment in the event the defendant has been twice convicted, sentenced, and committed to prison in this or any other State or in the United States. See Code, Supp. 1902, section 5091a. It is not necessary that the indictment charge where the prison was in which defendant was committed; but if this were true we think it sufficiently appears from the charge that defendant was committed to prison in this State.

III. Contention is made that section 5091b of the Code

Supplement of 1902 making an authenticated copy of the former judgment and commitment competent and *prima facie*

3. SAME: constitu-  evidence of such former judgment and commit-
    tional law.  ment is unconstitutional and void, because *ex post facto* in its operation; that is to say, this act, having been passed since the former convictions were had, changes the burden of proof, and is therefore unconstitutional. The record does not show that this question arose in any manner upon the trial. Neither the evidence nor the instructions are before us, and the trial court may, so far as this record discloses, have disregarded the statute. At any rate there is no such a record as would justify us considering the matter argued.

IV. Further it is argued that section 5091a of the Code Supplement of 1902 is unconstitutional, because it applies to former convictions before the act went into effect, as well as to

4. SAME.  those thereafter committed. That the act does so apply there is no doubt. But the unlawful acts with which defendant was charged were committed after the act went into effect, and neither the punishment nor the rules as to the evidence of the former convictions, etc., were changed after he committed the offense charged. Manifestly neither act is *ex post facto*. 1 McClains, Crim. Law, 65, and cases cited; *Blackburn v. State*, 50 Ohio St. 428 (36 N. E. 18); *People v. Stanley*, 47 Cal. 113 (17 Am. Rep. 401); *Com. v. Graves*, 155 Mass. 163 (29 N. E. 579, 16 L. R. A. 256).

V. Finally it is argued that the statute is void because imposing cruel and unusual punishment. Habitual criminal acts have been universally sustained. See cases

5. SAME: habitual  hitherto cited. And it is not for us to invade
    criminals:
    punishment.  the province of the Legislature and to say that the punishment is out of all proportion to the nature of the particular offense. More and more are we coming to the notion that punishment should be made to fit the criminal rather than the crime. Surely when one by his conduct has

indicated that he is a recidivist, there is no reason for saying that society may not protect itself from his future ravages. It is neither cruel nor unusual to say that an habitual criminal shall receive a punishment based upon his established proclivities to commit crime.   See cases hitherto cited, and particularly *People v. Stanley, supra;* also *Moore v. Missouri,* 159 U. S. 673 (16 Sup. Ct. 179, 40 L. Ed. 301), and *State v. Moore,* 121 Mo. 514 (26 S. W. 345, 42 Am. St. Rep. 542).

No error appears, and the judgment must be, and it is, *affirmed.*