STATE OF IOWA, Appellee, v. J. W. NORRIS, Appellant.

**CONSTITUTIONAL LAW:** **Ex Post Facto Act—Aggravated Punishment—Constitutionality.** A statute is not *ex post facto* because it attaches to a crime an increased punishment because of former convictions, even though such former convictions were had prior to the enactment of the statute.

Headnote 1: 12 C. J. pp. 1102 (Anno.), 1107; 16 C. J. p. 1339.

Headnote 1: 6 R. C. L. 299.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

NOVEMBER 23, 1926.

REHEARING DENIED MARCH 11, 1927.

Conviction upon an indictment for violation of the liquor laws. Defendant was sentenced to a term in the penitentiary. —*Affirmed*.

*John L. Sloane* and *A. F. Schaetzle*, for appellant.

*Ben J. Gibson*, Attorney-general, and *Neill Garrett*, Assistant Attorney-general, for appellee.

FAVILLE, J.—On the 24th day of June, 1925, the grand jury of Polk County returned an indictment charging the defendant with having maintained a liquor nuisance in said county on or about the 1st day of January, 1925. The indictment also charges that, on the 12th day of March, 1923, the defendant was convicted in the district court of Polk County, Iowa, of the crime of liquor nuisance, and that, on the 18th day of December, 1923, he was again convicted in the district court of Polk County,

Iowa, of the crime of owning and keeping liquor for sale. The indictment was demurred to on the ground that the indictment shows on its face that a material part of the crime charged was committed prior to the taking effect of the law under which punishment was imposed, to wit, Section 1964 of the Code of 1924. The demurrer was overruled. The same question was presented by motion for new trial, and is the only question presented upon this appeal. Said Section 1964 is as follows:

"Whoever is convicted, or has entered a plea of guilty in a criminal action, in any district court of the state, of a violation of any provision of this title or of the laws amendatory thereof, and is thereafter convicted or enters a plea of guilty of a subsequent offense against any provision of this title or of said amendatory laws, shall be punished as follows:

"1. For his second conviction, by a fine of not less than five hundred dollars nor more than one thousand dollars, or by imprisonment in the county jail for not less than six months nor more than one year, or by both such fine and imprisonment.

"2. For his third and each subsequent conviction, by imprisonment in the state penitentiary for not more than three years."

The contention of the appellant is that said Section 1964 is *ex post facto* as relating to convictions had prior to the date it became effective, and that, therefore, it is violative of Article 1, Section 21, of the Constitution of this state, which prohibts the passage of any *ex post facto* law. Code Section 1964 does not provide for the punishment of any act made a crime by said statute. It is not retroactive nor *ex post facto*. It merely increases the severity of the punishment of one who comes under its terms and provisions. The appellant in this case found himself within the provisions of the statute with regard to the extent of punishment that might be inflicted upon him by the commission of the subsequent act. The precise question presented by this appeal was before this court in consideration of the so-called habitual criminal act in *State v. Dowden*, 137 Iowa 573, where we said:

"Further, it is argued that Section 5091-a of the Code Supplement of 1902 is unconstitutional, because it applies to former convictions before the act went into effect, as well as to those thereafter committed. That the act does so apply there

is no doubt. But the unlawful acts with which defendant was charged were committed after the act went into effect, and neither the punishment nor the rules as to the evidence of the former convictions, etc., were changed after he committed the offense charged. Manifestly, neither act is *ex post facto.* 1 McClain's Crim. Law, 65, and cases cited; *Blackburn v. State,* 50 Ohio St. 428 (36 N. E. 18); *People v. Stanley,* 47 Cal. 113 (17 Am. Rep. 401); *Com. v. Graves,* 155 Mass. 163 (29 N. E. 579, 16 L. R. A. 256)."

See, also, *Kelly v. People,* 115 Ill. 583 (4 N. E. 644); *Commonwealth v. Graves,* 155 Mass. 163 (29 N. E. 579); *Sturtevant v. Commonwealth,* 158 Mass. 598 (33 N. E. 648); *In re Miller,* 110 Mich. 676 (68 N. W. 990); *Moore v. Missouri,* 159 U. S. 673 (40 L. Ed. 301); *Graham v. West Virginia,* 224 U. S. 616 (56 L. Ed. 917); *Davis v. Berry,* 216 Fed. 413.

The statute under which the appellant was punished, fixing the amount of the penalty to be imposed, was not *ex post facto,* and was not violative of the Constitution. The judgment appealed from is—*Affirmed.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.