**STATE of Iowa, Appellant,**

v.

**Bryan DuWayne RIDOUT, Appellee.**

**No. 83–620.**

Supreme Court of Iowa.

April 11, 1984.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan, Asst. Atty. Gen., and John E. Casper, County Atty., for appellant.

Gordon K. Darling, Jr., of Darling, Chickering & Darling, Winterset, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, LARSON, and CARTER, JJ.

REYNOLDSON, Chief Justice.

On March 14, 1983, defendant Bryan Du-Wayne Ridout was charged by trial information with third-offense operating while intoxicated (OWI), in violation of Iowa Code section 321.281. Defendant filed a motion to dismiss on the ground that one of the alleged prior offenses was a deferred judgment; consequently there were not two prior convictions as required by the statute and applicable case law. Trial court sustained the motion and dismissed the information, granting the State the

right to refile within 20 days. The State then brought this appeal pursuant to Iowa Code subsection 814.5(1)(a). We affirm in part, reverse in part, and remand with direction.

This appeal presents us with the issues (1) whether the information should have been dismissed; and (2) whether a deferred sentence constitutes an offense triggering the enhanced punishment provisions of Iowa Code subsection 321.281(2).

I. *Should the Information Have Been Dismissed?*

■ At least where a bill of particulars has not been furnished voluntarily by the prosecution or ordered by the court on its own motion, such a bill on defendant's motion is a prerequisite to a rule 10(6)(a) dismissal motion. *See* Iowa R.Crim.P. 10(6)(a); *State v. Wilt,* 333 N.W.2d 457, 460 (Iowa 1983); *State v. Graham,* 291 N.W.2d 345, 350 (Iowa 1980). Defendant in this case did not file a motion for bill of particulars. The information that such a motion would have elicited, however, was furnished by stipulation of the parties—the disposition of the two prior offenses, charged as prior convictions in the trial information.[1]

■ We believe nonetheless the motion to dismiss should have been overruled because the number of defendant's previous offenses is not an element of the current OWI charge, but goes instead only to the penalty once the defendant is found guilty. *See State v. Miller,* 204 N.W.2d 834, 837 (Iowa 1973) ("The offense under section 321.281 involves [only] two elements: intoxication of the driver and his act of oper-

---

1. Rule 6(5), Iowa Rules of Criminal Procedure, provides:

> If the offense charged is one for which the defendant, if convicted, will be subject by reason of the Code, to an increased penalty because of prior convictions, the allegation of such convictions, if any, shall be contained in the indictment. A supplemental indictment shall be prepared for the purpose of trial of the facts of the current offense only, and shall satisfy all pertinent requirements of the Code,

> except that it shall make no mention, directly or indirectly, of the allegation of the prior convictions, and shall be the only indictment read or otherwise presented to the jury prior to conviction of the current offense. The effect of this subdivision shall be to alter the procedure for trying, in one criminal proceeding, the offenses appropriate to its provisions, and not to alter in any manner the basic elements of an offense as provided by law.

ating a motor vehicle while so intoxicated."); *State v. Robinson,* 165 N.W.2d 802, 804 (Iowa 1969) ("[A]n allegation of prior conviction does not create a separate crime but is made only for the purpose of the penalty imposed."); *cf. State v. Tobin,* 333 N.W.2d 842, 845 (Iowa 1983) ("The prior convictions are a predicate for enhanced punishment rather than elements of the current ... charge.") (interpreting Iowa Code section 714.2 dealing with second-degree theft).

Because the facts are undisputed, trial court might have treated the motion for dismissal as a motion for adjudication of law points, *Wilt,* 333 N.W.2d at 460, and then determined whether the deferred sentence could be used under the provisions of rule 6(5), Iowa Rules of Criminal Procedure, to enhance punishment. If it could not be employed for that purpose, the court might have ordered the information amended.

■ Where, however, a charge has been dismissed erroneously before defendant has been placed in jeopardy, the State may appeal, and, if successful, may continue prosecution under the information filed. *State v. Edwards,* 279 N.W.2d 9, 10 (Iowa 1979). Upon remand, of course, the information filed in this case may be amended to conform to the balance of trial court's ruling and to this opinion. We therefore reverse the district court's dismissal of the trial information.

II. *Is a Deferred Sentence an Iowa Code Subsection 321.281(2) Offense Permitting Enhanced Punishment?*

At the center of the controversy in this appeal are Iowa Code subsections 321.281(1) and 321.281(2)(c). Subsection 321.281(1) defines the OWI crime and specifies the elements identified in division I. Subsection 321.281(2) provides:

A person convicted of a violation of this section, upon conviction or a plea of guilty, is guilty of

. . . .

(c) A class "D" felony for a third offense and each subsequent offense.

The State points out that this defendant on December 29, 1981, pled guilty to OWI and received a deferred judgment. It argues a "conviction" may have "different meanings within different contexts," *State v. Ege,* 274 N.W.2d 350, 355 (Iowa 1979), and in this context should encompass only a determination of guilt, represented by a guilty plea. The language of subsection 321.281(2), it urges, equates a conviction with a guilty plea, as does the language that establishes the six-year cutoff for prior convictions ("No conviction for, or plea of guilty to, a violation of this section ....."). *See* § 321.281(2)(c).

■ Defendant contends we settled this issue in *State v. Barlow,* 242 Iowa 714, 719, 46 N.W.2d 725, 728 (1951), where we said the prior offenses that enhanced the punishment under Iowa Code section 321.281 (1950) were "synonymous with convictions or judgments obtained in prior actions." *Cf. State v. Finnegan,* 244 Iowa 166, 170–71, 55 N.W.2d 223, 225 (1952). We agree that a deferred judgment in a prior prosecution does not qualify under this definition.

Although section 321.281 has been amended several times since *Barlow,* it has retained a scheme of escalating punishments based on the number of defendant's prior OWI "offenses." The legislature's unwillingness to change this language in light of our *Barlow* interpretation suggests legislative approval of that holding. "[W]hen this court has interpreted a statute in a particular way and the legislature has thereafter left it unchanged, it is presumed that the legislature acquiesced in that interpretation," *Ege,* 274 N.W.2d at 355 (citation omitted); *State v. Dunham,* 232 N.W.2d 475, 476 (Iowa 1975).

■ We thus agree with trial court's basic holding that a deferred sentence is not

an Iowa Code subsection 321.281(2)(c) "offense" for the purposes of imposing enhanced punishment. This view is reinforced by application of the rule that penal statutes are to be construed strictly, with doubts being resolved in favor of the accused. *City of Cedar Falls v. Flett,* 330 N.W.2d 251, 254 (Iowa 1983); *State v. Williams,* 315 N.W.2d 45, 49 (Iowa 1982).

We affirm in part, reverse in part, and remand for further proceedings in conformance with this opinion. Costs are taxed one-half to each party.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTION.