**STATE of Iowa, Appellee,**

v.

**John Frederick SIMMONS, Appellant.**

No. 92–735.

Supreme Court of Iowa.

May 19, 1993.

John M. Bjornstad of Cornwall, Avery, Bjornstad & Scott, Spencer, for appellant.

Bonnie J. Campbell, Atty. Gen., Bridget A. Chambers, Asst. Atty. Gen., Michael L. Zenor, County Atty., and J.P. Greer, Asst. County Atty., for appellee.

Considered by LARSON, P.J., and SCHULTZ, NEUMAN, SNELL, and ANDREASEN, JJ.

SCHULTZ, Justice.

Defendant John Frederick Simmons was convicted of the offense of public intoxication, second offense, in violation of Iowa Code sections 123.46(2) and .91.[1] Prior to trial, defendant moved to adjudicate law points arguing that the previous conviction could not be used to enhance the penalty on the present offense because it had been exonerated and expunged pursuant to Iowa Code section 123.46(4). The trial court disagreed, concluding subsection (4) did not prevent the enhanced penalty and defendant was not exonerated at the time he was charged.

Defendant was arrested on November 2, 1991, for public intoxication. Because he had been previously convicted of public intoxication in 1976, he was charged as a

---

1. All references to the Iowa Code are to the 1991 edition. Section 123.46(2) provides that a person intoxicated in a public place shall be guilty of a simple misdemeanor. Section 123.91 en- hances the penalty of a person convicted under chapter 123 as a second offender to a serious misdemeanor.

second offender. After his arrest, but before trial, defendant secured a court order exonerating his 1976 conviction and had it expunged from the record pursuant to section 123.46(4). Defendant relies on this court order to support his position on his pretrial motion.

The issues on this appeal concern the effect of section 123.46(4) which provides:

Upon the expiration of two years following conviction for a violation of this section, a person may petition the court to exonerate the person of the conviction, and if the person has had no other criminal convictions, other than simple misdemeanor violations of chapter 321 during the two-year period, the court shall order the person exonerated of the offense and the record expunged. Upon entry of an order exonerating the person of the conviction, the record of the conviction shall be expunged by the clerk of the district court.

Defendant argues that the verbs "exonerate" and "expunge" relieve him of consequences from the previous conviction. He claims subsection (4) is effective to prevent the enhanced penalty as long as it was invoked before the conviction of the subsequent offense. In response, the State contends an exonerated offense may be used to enhance the penalty, especially when the exoneration order was not granted until after the present charged offense occurred.

I. *Effect of exoneration.* We must first determine whether the legislature in enacting subsection (4) intended to preclude the State from using the prior exonerated offense to enhance the penalty in a subsequent prosecution for public intoxication. Because the legislature did not define the terms "exonerate" and "expunge," our task is to provide an interpretation. Certain principles guide us in this task. Words of a statute are given their plain or ordinary meaning, absent legislative definition or particular and appropriate meaning in the law. *American Asbestos Training Center, Ltd. v. Eastern Iowa Community College,* 463 N.W.2d 56, 58 (Iowa 1990). Examining a dictionary is an acceptable method of ascertaining the meaning of words in a statute. *State v. Williams,* 315 N.W.2d 45, 49 (Iowa 1982).

We first turn to the dictionary. The word "exonerate" is defined as "[t]o relieve, to exculpate." *Black's Law Dictionary* 685 (4th Ed.1968). "Exoneration" is defined as "[t]he removal of a burden, charge, or duty." *Id.* "Expunge" means "[t]o destroy or obliterate...." *Id.* at 693. These definitions suggest the legislature intended that a qualified defendant previously convicted of public intoxication is entitled to clear his or her record and wipe the slate clean as if the conviction had not occurred.

The State argues that "exoneration" is analogous to an executive pardon. The State points out that a pardon does not prevent an enhanced punishment authorized by statute in a subsequent crime. *See* 24B C.J.S. *Criminal Law* § 1960(8) (1962); *accord* 39 Am.Jur.2d *Habitual Criminals, Etc.* § 13 (1968). Our case law is not so favorable to the State's position, however.

In the past, we have accorded full pardons greater significance. In *Slater v. Olson,* 230 Iowa 1005, 1009, 299 N.W. 879, 880 (1941), a civil service commission rejected a job applicant on grounds he had been convicted of a felony. We held the commission erred because the pardon allowed the applicant to have his civil rights restored unburdened by the onus of his conviction. We stated:

We do hold ... that a full pardon granted after conviction contemplates ... a remission of guilt "both before and after conviction," forgives the offender and relieves him from the results of the offense, relieves not only from the punishment which the law inflicts for the crime but also exempts him from additional penalties and legal consequences in the form of disqualifications or disabilities based on his conviction.

*Id.* (quoting *State v. Forkner,* 94 Iowa 1, 62 N.W. 772 (1895)).

Similarly, we held that a deferred judgment for drunk driving could not be used against a defendant to enhance a present charge. *State v. Soppe,* 374 N.W.2d 649,

653 (Iowa 1985). In *Soppe*, defendant's deferred judgment was granted prior to a statutory amendment that provided a deferred judgment could be used to enhance a present charge. We explained that the purpose of a deferred judgment, to allow a defendant to avoid a criminal record by expunging the record upon completion of probation, required that a "deferred sentence" would not be an "offense" for the purposes of imposing an enhanced punishment in a subsequent offense. *Id.* at 652; *see also State v. Ridout*, 346 N.W.2d 837, 839–40 (Iowa 1984).

The State further argues that the rationale for the enactment of subsection (4) is to provide relief to first offenders who wish to avoid disclosure of the prior conviction on job applications, applications for higher education and when seeking admission to a profession, rather than to affect later offenses. We believe it is equally logical to assume that the legislature also intended to provide relief from enhanced penalties. We believe this assumption comports with our conclusions in *Soppe* and *Ridout* that a deferred sentence was not an "offense" for the purpose of enhancing punishment in a later offense.

■ We believe that two other principles support defendant's interpretation of the subsection. First, a statute which effects punishment must be construed strictly with doubts resolved in favor of the accused. *Soppe*, 374 N.W.2d at 652; *Ridout*, 346 N.W.2d at 840. Second, in interpreting a statute we must look to the objects sought to be accomplished and attempt to arrive at an interpretation that will effect the intended purpose. *State v. Green*, 470 N.W.2d 15, 18 (Iowa 1991). The purpose of subsection (4) is to reward a person who has not had any criminal convictions for two years following a conviction of public intoxication by destroying the record of conviction.

■ Accordingly, we conclude that subsection (4) prevents penalty enhancement in a subsequent conviction and disagree with the trial court's ruling to the contrary. The question remains, however, whether an exoneration of a previous offense, obtained

after a defendant was arrested for public intoxication, may be used to prevent penalty enhancement on the present offense.

■ II. *Result of exoneration granted after present charge.* The State argues the exoneration granted to defendant came too late to affect the present charge. Here defendant's exoneration was granted after the date of the most recent offense.

Neither subsection (4) nor the sentencing section, section 123.91, speaks to the issue of whether an exoneration affects the enhancement of a penalty in a pending case. Subsection (4) plainly forestalls an application for exoneration for two years after the conviction and prevents exoneration if a criminal conviction occurs during the two-year period. Because defendant qualifies for exoneration, the State's only claim is that the exoneration came too late to affect the current charge. We must decide whether the legislature intended to prevent relief to a dilatory applicant.

We believe that the purpose of subsection (4), a forgiveness for two years of freedom from crime, is the dominant consideration. In light of this purpose, the time of the application and time of the exoneration order assume little importance. We suspect that many persons convicted of this offense, especially those like the defendant who were convicted many years before the enactment of subsection (4), are unaware of the forgiveness subsection and would not seek exoneration in a timely fashion. We believe the legislature did not intend to prevent qualified applicants from receiving the benefits of subsection (4) because the applicants were unaware that exoneration was available until after a subsequent offense occurred, or were negligent in not obtaining exoneration earlier. We fail to see that this places any handicap on the prosecution in view of the fact that the penalty portion of the trial is bifurcated from the guilt determination portion of the trial. Consequently, we hold that exoneration of a previous offense received under section 123.46(4) is effective to prevent enhancement of the penalty of the subsequent offense if it is received prior to the conviction.

III. *Disposition.* We reverse the trial court's ruling on the motion to adjudicate law points. We remand to the trial court for defendant's resentencing for public intoxication as a first offender.

**REVERSED AND REMANDED.**