**STATE of Iowa, Appellee,**

v.

**Douglas John REED, Appellant.**

No. 98–888.

Supreme Court of Iowa.

June 3, 1999.

James P. Piazza, Sr., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Roxann M. Ryan, Assistant Attorney General, John P. Sarcone, County Attorney, and Michelle Chenowith, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

CARTER, Justice.

Defendant, Douglas Reed, appeals from judgment and sentence entered following his conviction of operating a motor vehicle while under the influence (OWI), second offense, in violation of Iowa Code section 321J.2 (1997). He contends that the court should not have found him guilty of a second-offense violation based on a prior deferred judgment. We disagree with that contention and affirm the judgment of the district court.

On September 23, 1997, defendant was charged by supplemental trial information with OWI, second offense, in violation of Iowa Code section 321J.2. The enhanced charge was based on a deferred judgment that defendant received in August of 1986 growing out of a prior OWI offense. Defendant successfully completed the terms of probation for that offense.

Defendant moved to dismiss the current supplemental trial information and amend

the charge to OWI, first offense. The district court denied that motion. Defendant sought an interlocutory appeal, which was denied by this court. Defendant then stipulated to the minutes of testimony, waived his right to a jury trial and, following submission of the issues at a bench trial, was found guilty of OWI, second offense.

■ Defendant urges on appeal that the district court erred in using the prior deferred judgment for enhancement purposes because it does not satisfy the language of the statute, which requires that such judgments be "entered pursuant to section 907.3 for violations of this section." Iowa Code § 321J.2(4)(b). He argues that, because he satisfied the terms of his probation, the judgment was never entered as a judgment and was, in fact, expunged. We find no merit in this contention.

In 1984 the legislature made it clear that deferred judgments are to be counted as prior offenses for purposes of enhancing OWI convictions. 1984 Iowa Acts ch. 1292, § 4 (amending § 321.281(2)(c) (1983)). That statute was later recodified as section 321J.2(3). Prior to the 1997 amendment to section 321J.2(3), that statute read as follows:

> For the purpose of determining if a violation charged is a second, third, or subsequent offense, deferred judgments pursuant to section 907.3 for violations of this section and convictions or the equivalent of deferred judgments for violations in any other states under statutes substantially corresponding to this section shall be counted as previous offenses.

Iowa Code § 321J.2(3) (1997). After the 1997 amendment, this language was replaced by the following:

> b. *Deferred judgments entered pursuant to section 907.3 for violations of this section shall be counted as previous offenses.*
>
> c. Convictions or the equivalent of deferred judgments for violations in any

other states under statutes substantially corresponding to this section shall be counted as previous offenses.

1997 Iowa Acts ch. 177, § 4 (amending Iowa Code § 321J.2(3)) (emphasis added).

Under defendant's proposed interpretation of the words "entered pursuant to section 907.3," the only factual setting in which a deferred judgment on an OWI offense would support an enhancement of a later OWI offense is if the defendant's probation has been revoked and a sentence or conviction entered of record. Manifestly, however, in that factual setting, the court would no longer be confronted with a deferred judgment but with an ordinary judgment of conviction. Adopting defendant's interpretation would thus have the effect of rendering the present version of section 321J.2(4)(b) meaningless.

■ In interpreting statutes, we will assume that the legislature intends to accomplish some purpose and that the statute was not intended to be a futile exercise. *State v. Horton,* 509 N.W.2d 452, 454 (Iowa 1993); *Mallory v. Paradise,* 173 N.W.2d 264, 268 (Iowa 1969). In determining the meaning of words in a statute, the court must give consideration to the context within which they are employed. *Glidden Rural Elec. Co-op. v. Iowa Employment Sec. Comm'n,* 236 Iowa 910, 915, 20 N.W.2d 435, 437 (1945). The procedures with respect to formal entry of judgments on which defendant's argument is based are not applicable in the rendering of deferred judgments. By their very nature, deferred judgments are not intended to result in a formal entry of judgment. Given that circumstance, we are convinced that, in employing the words "entered pursuant to section 907.3," the legislature was referring to all deferred judgments granted under the authority of section 907.3 in OWI prosecutions.

■ Defendant argues in the alternative that, at the time he received his August 3, 1986 deferred judgment, he acquired a right not to have any enhanced penalty

based thereon after the passage of six years. He predicates this contention on Iowa Code section 321J.2(3) (1985 Supp.), which, at the time of his earlier offense, placed a six-year limitation on the age of prior convictions or deferred judgments that might be relied on for increasing an OWI charge to an enhanced offense. A 1997 amendment has now effectively increased that time from six years to twelve years. *See* 1997 Iowa Acts ch. 177, § 4 (amending Iowa Code § 321J.2(3)). In *State v. Stoen,* 596 N.W.2d 504, 506 (Iowa 1999), we held that the 1997 amendment authorizes the enhancement of an OWI offense based on convictions that, prior to the change in the law, were beyond the six-year aging period. Defendant argues that a different rule should prevail with respect to deferred judgments. He seeks support for that contention in *State v. Soppe,* 374 N.W.2d 649 (Iowa 1985).

In *Soppe,* as in the present case, the defendant's deferred judgment for OWI had been expunged prior to commission of another OWI offense. At the time the deferred judgment had been rendered, the law provided that the expungement of the sentence following a successful period of probation would preclude any consideration of that offense for purposes of enhancing a subsequent OWI offense. We held that the legislature did not intend to take that benefit away from persons in Soppe's situation when it later changed the law to permit consideration of deferred judgments for enhancement purposes.

The situation facing the defendant in the present case at the time of his 1986 deferred judgment was different from that which confronted the defendant in *Soppe.* For at least two years prior to the time of his sentencing, the law had mandated that deferred judgments were to be treated the same as judgments of conviction for purposes of enhancing later OWI offenses. 1984 Iowa Acts ch. 1292, § 4. On its face, the 1997 amendment enlarging the aging period for utilizing prior

offenses for enhancement purposes applies to both judgments of conviction and deferred judgments. Consequently, the legislative intent theory relied on in the *Soppe* opinion is not available in the present dispute. The rationale in *Stoen,* which allows for enhancement based on OWI convictions that were more than six years old at the time of the 1997 amendment, applies equally to deferred judgments that were more than six years old when the 1997 amendment was enacted. The district court did not err in using defendant's prior deferred judgment as the basis for finding defendant guilty of the enhanced offense of OWI, second offense.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**