# IN THE COURT OF APPEALS OF IOWA

No. 15-1835
Filed April 6, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KRISTI SUE DEMPSEY,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Scott County, Douglas C. McDonald, Judge.


        Kristi Dempsey appeals the judgment and sentence entered following her guilty plea for possession of cocaine.  **AFFIRMED.**


        Lauren M. Phelps of Lauren M. Phelps, Davenport, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Kristi Dempsey pled guilty to possession of cocaine, first offense. The district court sentenced her to serve 120 days in jail but suspended the sentence and placed her on probation.

On appeal, Dempsey contends (1) her plea attorney was ineffective in (a) failing to challenge the factual basis for the plea and (b) failing to argue the plea was unknowing and involuntary, and (2) the district court abused its discretion in failing to grant her a deferred judgment.

## I.     *Ineffective Assistance of Counsel*

Generally, we do not decide ineffective-assistance-of-counsel claims on direct appeal but reserve them for postconviction proceedings. *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006). "However, we depart from this preference in cases where the record is adequate to evaluate the appellant's claim." *Id.*

Dempsey and the State agree the record is inadequate to address her claim that the plea was unknowing and involuntary. Accordingly, we preserve that claim for postconviction relief. The record is adequate to address Dempsey's factual-basis claim. *See State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). We proceed to the merits of that claim.

To prove ineffective assistance, Dempsey must establish the breach of an essential duty and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "If trial counsel permits a defendant to plead guilty and waives the defendant's right to file a motion in arrest of judgment when there is no factual basis to support the defendant's guilty plea, trial counsel breaches an essential duty" and "we presume prejudice." *Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa

2014). Conversely, if there is a factual basis to support a plea, the ineffective-assistance claim must fail. *See State v. Rodriguez*, 804 N.W.2d 844, 849 (Iowa 2011). "At the time of the guilty plea, the record must disclose facts to satisfy all elements of the offense." *Rhoades*, 848 N.W.2d at 29.

The elements of this offense are knowing or intentional possession of a controlled substance (cocaine) unless the substance was obtained directly from, or pursuant to a valid prescription or as otherwise authorized by the chapter. *See* Iowa Code § 124.401(5) (2013). A first-offense violation is a serious misdemeanor. *Id.*

Dempsey made the following attestation in her written guilty plea: "I had in my home a substance I knew to be powder cocaine in my home without authorization or prescription in Scott County, Iowa." This attestation alone arguably establishes a factual basis for the possession charge. However, Dempsey contends the cocaine could have been her husband's because it was found in a "jointly occupied" area of their apartment. Her argument is based on the distinction our courts have made between actual and constructive possession of drugs. *See, e.g.*, *State v. Reed*, ___ N.W.2d ___, ___, 2016 WL 756680, at *10-15 (Iowa 2016); *State v. Kern*, 831 N.W.2d 149, 161 (Iowa 2013); *State v. Bash*, 670 N.W.2d 135, 137-38 (Iowa 2003). But those opinions resolved challenges to the sufficiency of the evidence underlying findings of guilt. When evaluating challenges to the factual basis for a plea, "we do not require the record to show the totality of evidence necessary to support a guilty conviction." *Rhoades*, 848 N.W.2d at 29 (citation omitted).

This record includes much more than Dempsey's acknowledgment in her written plea. A Scott County deputy sheriff attested he saw Dempsey and her husband meet with a suspected drug dealer, and Dempsey's husband admitted to being with her when the cocaine was purchased. In detailed minutes of testimony, the same deputy who signed the affidavit described seeing a man and woman in the suspected drug dealer's vehicle. The deputy recounted a confidential informant's statement that both Dempsey and her husband were crack-cocaine addicts. A neighbor told the deputy that Dempsey and her husband obtained crack almost every day. Finally, with Dempsey and her husband's consent, the deputy entered their apartment and found cocaine underneath the bathroom sink. In short, the record was replete with information supporting the elements of the crime.

Dempsey attempts to impugn the reliability of some of this information. She argues the confidential informant's information was dated and was hearsay, and the neighbor to whom the deputy spoke had a grudge against her for using a racial slur. Dempsey cites no authority requiring a court to reject certain information supporting a factual basis simply because a fact-finder might reject the evidence at trial. In fact, we have an obligation to review the entire record to determine whether there is an objective factual basis for the crime. *See State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). The statements cited by the deputy sheriff together with the discovery of cocaine, the deputy's observations, and Dempsey's plea statement provide a factual basis for the plea to possession of a controlled substance. Accordingly, counsel was not ineffective in failing to challenge the plea on this ground.

## II.    *Sentence*

Dempsey next contends the district court abused its sentencing discretion in failing to grant her a deferred judgment.  A deferred judgment is a sentencing option that can be imposed in the discretion of the court.  *See State v. Soppe*, 374 N.W.2d 649, 653 (Iowa 1985).  The provision "authorizes the court, *with the defendant's consent*, to defer judgment and place the defendant on probation." *State v. Keutla*, 798 N.W.2d 731, 734 (Iowa 2011) (emphasis added).   The record contains no evidence Dempsey consented to a deferred judgment; her plea agreement simply listed "120 days suspended, $315.00 fine" as the "sentencing concessions."   While the plea agreement was not binding on the court, we can discern no abuse of discretion in the court's decision to accept the sentencing concessions agreed to by Dempsey rather than imposing a deferred judgment she did not agree to.

We affirm Dempsey's judgment and sentence for possession of cocaine.

**AFFIRMED.**