Charles Scott HARRIS, Appellant,

v.

Gregory Scott OLSON, Appellee.

No. 95–2081.

Supreme Court of Iowa.

Jan. 22, 1997.

Michael L. Jankins of Murray, Jankins & Noble, Des Moines, for appellant.

Jeff Margolin and Hugh Cain of Hopkins & Huebner, Des Moines, for appellee.

Considered by HARRIS, P.J., and CARTER, NEUMAN, SNELL, and ANDREASEN, JJ.

NEUMAN, Justice.

Plaintiff Charles Harris sought to accept a confession of judgment *after* a jury returned a verdict in a lesser amount. The district court rejected Harris's tender as untimely. On Harris's challenge to the court's ruling, we affirm.

Harris sued defendant Gregory Olson for damages sustained in an automobile collision. Trial was scheduled for September 11, 1995. Five days before trial, Olson mailed Harris a confession of judgment in the amount of $12,-500. Harris did not respond. The case proceeded to trial and, on September 13, 1995, the jury returned a verdict for Harris in the amount of $4600.

After the jury returned its verdict, Harris hand delivered to Olson a notice accepting his confession of judgment. Accompanying the notice was an affidavit stating that notice of acceptance had been delivered. Harris then moved for entry of judgment pursuant to the terms of the confession of judgment. He claimed the acceptance was filed within the statutory five-day period of Iowa Code section 677.8 (1995) plus the additional three days allowed under Iowa Rule of Civil Procedure 83(b) for response to a paper served by mail.

The district court rejected Harris's argument, and entered judgment in conformity with the jury's verdict. Because the acceptance was not tendered before trial began, the court ruled Harris's action was untimely. The court also assessed court costs against Harris because the jury's verdict was lower than the confession of judgment. This appeal by Harris followed.

Our review is for the correction of errors at law. *State v. Erbe,* 519 N.W.2d 812, 813 (Iowa 1994). The controversy centers on the text of Iowa Code chapter 677, our confession of judgment statute. Iowa Code section 677.7 provides:

The defendant in an action for the recovery of money only may, at any time after service of notice and before the trial, serve upon the plaintiff or the plaintiff's attorney an offer in writing to allow judgment to be taken against the defendant for a specified sum with costs.

Section 677.8 further provides:

If the plaintiff accepts the offer, and gives notice thereof to the defendant or the defendant's attorney within five days after the offer is made, the offer, and an affidavit that the notice of acceptance was delivered in the time limited, may be filed by the plaintiff, or the defendant may file the acceptance with a copy of the offer, verified by affidavit; and in either case a minute of the offer and acceptance shall be entered upon the judge's calendar, and judgment shall be rendered by the court accordingly.

Iowa Rule of Civil Procedure 83(b) provides that whenever a party has a right to

do some act within a prescribed period of time after service of a notice or other paper, and notice is served by mail, three additional days are added to the prescribed period. It is this rule upon which Harris particularly relies.[1]

 Harris contends he gave notice of acceptance of the offer to confess judgment within these time frames. He argues that he had eight days—or until September 14, 1995—to accept Olson's offer. Because he delivered the notice of acceptance on September 13, Harris asserts his notice was timely.

The district court rejected this mechanical application of the statute, and so do we. The interpretation advanced by Harris, albeit faithful to the text, would defeat the very purpose underlying confession of judgment legislation.

 The well-recognized purpose of chapter 677 is "to encourage settlement of disputes, put an end to litigation, and to prevent the accumulation of costs." *Hughes v. Burlington N. R.R.*, 545 N.W.2d 318, 320 (Iowa 1996); *see Shirley v. Pothast*, 508 N.W.2d 712, 715 (Iowa 1993); *Weaver Constr. Co. v. Heitland*, 348 N.W.2d 230, 233 (Iowa 1984). Harris's view of the statute would permit a plaintiff to delay accepting a confession of judgment until after trial, in the hope of obtaining a higher money judgment. Such a tactic, however, would thwart the incentive to settle, which comes from uncertainty in the outcome of litigation. *Shirley*, 508 N.W.2d at 715. Adopting Harris's interpretation would promote increased litigation, not settlement. Rote application of the statute would trivialize the trial process.

 Legislative intent, the polestar of statutory interpretation, guides our analysis. *Doe v. Ray*, 251 N.W.2d 496, 500 (Iowa 1977). In our search for legislative intent, we "consider the objects sought to be accomplished and the evils and mischiefs sought to be remedied," seeking a result that will advance, rather than defeat, the statute's purpose.

*Id.* Placing an impractical or absurd construction on statutory language would contravene these fundamental rules. *Shaw v. Soo Line R.R.*, 463 N.W.2d 51, 54 (Iowa 1990); *cf. Heine v. Allen Mem'l Hosp. Corp.*, 549 N.W.2d 821, 824 (Iowa 1996) (literal reading of statute did not lead to absurd result).

Clearly the object sought by Harris—to hedge his bet on a higher recovery by delaying acceptance of Olson's confession of judgment—is inconsistent with the settlement-inducing intent of chapter 677. To construe the statute literally as Harris suggests would foster "judgment shopping," a patently absurd result. Accordingly we affirm the judgment of the district court, including the assessment of costs against Harris. *See* Iowa Code § 677.10 (plaintiff who fails to obtain judgment for more than offered by confession cannot recover costs and "shall pay the defendant's costs from the time of the offer").

AFFIRMED.

---

**1.** We recently held that the three-day grace period of rule 83(b) has no application to *statutory* time frames. *Norgard v. Iowa Dep't of Transp.*, 555 N.W.2d 226, 229 (Iowa 1996). Because

*Norgard* was announced after the district court's ruling in this case, we assume for the sake of argument that Harris may claim the benefit of rule 83(b) here.