**STATE of Iowa, Appellee,**

v.

**Richard R. WILLIAMSON, Appellant.**

**No. 97–235.**

Supreme Court of Iowa.

Nov. 26, 1997.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Brad Walz, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

CARTER, Justice.

Defendant, Richard R. Williamson, convicted of domestic abuse assault (third offense) in violation of Iowa Code section 708.2A(4) (1995), appeals challenging the court's denial of his motion for mistrial asserting that an officer's testimony concerning prior domestic assaults was improperly presented to the jury. He also challenges the validity of the sentence that was imposed pursuant to an amendment to section 708.2A (*see* 1996 Iowa Acts ch. 1131, § 3). After reviewing the record and considering the arguments presented, we affirm defendant's conviction and sentence.

Prior to trial, the defendant filed a motion in limine requesting that the court prevent the State from offering evidence concerning defendant's prior history of domestic abuse assaults. That motion was granted.

During the trial, officer Ronald Marsh was testifying as to the victim's appearance when she filed her complaint.

Q. At some point in time did you make a decision on whether to arrest Richard Williamson? A. Yes.

Q. And when did you make that decision? A. After taking a statement and checking his previous record, arrest record, I found out that there had been—

Q. Okay. Did you—did you also take the statement of Valerie Burt, or did you also leave a statement for Valerie Burt? A. I left a statement for her to fill out.

At the next recess, defendant's counsel asked for a mistrial. The court denied that motion, but offered to give a curative instruction as to the officer's comments.[1] Defense counsel agreed that such an instruction should be given, and it was.

After being found guilty of domestic abuse assault by the jury, defendant admitted in open court that he had been twice before convicted of domestic abuse assault. This enhanced the offense to that established by section 708.2A(4). Defendant was originally sentenced to an indeterminate term not to exceed five years, which is the penalty for a class "D" felony. When a recent amendment to section 708.2A was called to the court's attention, it revised that sentence so as to add a provision that the indeterminate five-year sentence imposed required a mandatory minimum of one year to be served.

## I. *Denial of Mistrial Motion.*

■ Defendant contends that the statements of officer Marsh obviously conveyed to the jury the fact that he had been previously arrested for domestic abuse assaults. Assuming for purposes of argument that this is correct, the test of prejudice is whether it sufficiently appears that the complaining party has suffered a miscarriage of justice.

*State v. Forsyth,* 547 N.W.2d 833, 839 (Iowa App.1996).

We are convinced that no miscarriage of justice occurred here. The county attorney promptly interrupted the officer before he could conclude his statement. Later, the court instructed the jury to disregard the challenged remarks. We have consistently recognized that a curative instruction of the type given here is sufficient under most circumstances to enable the jury to complete its task without being improperly influenced by otherwise prejudicial testimony. *State v. Breitbach,* 488 N.W.2d 444, 448 (Iowa 1992); *State v. Mayberry,* 411 N.W.2d 677, 685 (Iowa 1987); *State v. Belieu,* 288 N.W.2d 895, 901–02 (Iowa 1980); *State v. Peterson,* 189 N.W.2d 891, 896 (Iowa 1971). We conclude that defendant's rights were sufficiently protected in the present case so that a reversal is not warranted.

## II. *Interpretation of 1996 Iowa Acts Chapter 1131, Section 3 with Respect to Sentence Provided for Third or Subsequent Offense of Domestic Abuse Assault.*

■ Defendant's present conviction for domestic abuse assault and his prior two convictions of that crime all involved offenses that, if committed for the first time, would be simple misdemeanors. Prior to July 1, 1996, the sentence prescribed by section 708.2A(3)(a) for a second or subsequent offense of this type was the sentence provided for a serious misdemeanor. In 1996 Iowa Acts chapter 1131, section 3, the legislature amended section 708.2A so as to add a new subparagraph (4). This new subparagraph provides:

On a third or subsequent offense of domestic abuse assault a person commits a class "D" felony.

1996 Iowa Acts ch. 1131, § 3. The same section of this legislative act added a new subsection (6)(b) to section 708.2A. That provision reads as follows:

A person convicted of violating subsection 4 [the newly added subsection] shall be

---

1. The instruction given was: "I would like also to advise the jury that you are directed to disregard that portion of the testimony of Officer Marsh where he made reference to reviewing records, so you're not to give that any consideration when you're back in the jury room."

sentenced to a term of not less than one year and committed to the custody of the director of the department of corrections, and assessed a fine of not less than seven hundred fifty dollars. Notwithstanding section 901.5, subsection 3, and section 907.3, subsection 3, the sentence cannot be suspended; however, the person sentenced shall receive credit for any time the person was confined in a jail or detention facility following arrest.

1996 Iowa Acts ch. 1131, § 3.

As previously noted, the district court in sentencing defendant pursuant to section 708.2A first looked only to the newly created subsection (4) of that statute, which specifies that a third offense domestic abuse conviction is a class "D" felony. Later, when its attention was directed to the provisions of newly created subsection (6)(b), it concluded that the one-year sentence called for by that subsection was intended to be a one-year mandatory minimum sentence with respect to the standard five-year sentence imposed for class "D" felonies under section 902.9(4).

Defendant argues that subsection (6)(b) constitutes a separate and distinct sentencing statute that by itself provides a one-year sentence to be imposed on persons convicted of third or subsequent domestic abuse assaults. The State urges that the district court's interpretation was correct. It suggests that an interpretation of the 1996 amendment that would provide for a one-year sentence for this crime would render the amendment without purpose because that was the sentence provided under the prior classification of the offense as a serious misdemeanor.

 Criminal statutes are to be strictly construed with doubts being resolved in favor of the accused. *State v. Lawr,* 263 N.W.2d 747, 750 (Iowa 1978); *State v. Conley,* 222 N.W.2d 501, 502 (Iowa 1974). In interpreting criminal statutes, we also apply the usual rules of statutory interpretation that require us to give effect to the usual and ordinary meaning of the language and give meaning to the statute within its context. *State v. Ahitow,* 544 N.W.2d 270, 272–73 (Iowa 1996). In applying these rules of interpretation to the statute now under consideration, we are convinced that the district court's interpretation was correct.

It is impossible to interpret the words "a term of not less than one year" as being an independent sentencing provision separate and apart from some other statute. This is because the quoted language gives no dimension to the upper end of the sentence that the court may impose. As a result of the language of subsection (4) of section 708.2A, classifying the offense as a class "D" felony, we are convinced that section 902.9(4) establishes the standard sentence to be imposed, in this case an indeterminate sentence of five years, and subsection (6)(b) engrafts a mandatory minimum sentence onto the standard sentence. We have considered all issues presented and conclude that the judgment and sentence of the district court should be affirmed.

**AFFIRMED.**