**STATE of Iowa, Appellant,**

v.

**Jon G. SCHULTZ, Appellee.**

No. 98–1764.

Supreme Court of Iowa.

Dec. 22, 1999.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, John P. Sarcone, County Attorney, and Michelle Chenoweth, Assistant County Attorney, for appellant.

Tom Keiderling, Robert R. Rigg of Drake University Legal Clinic, and William P. Kelly, Student Legal Intern, for appellee.

Considered by LARSON, P.J., and LAVORATO, SNELL, CADY, and HARRIS,* JJ.

CADY, Justice.

This appeal requires us to determine whether Iowa Code section 707.6A(6) (1997) precludes the State from using a prior conviction for vehicular homicide based upon the operation of a motor vehicle while intoxicated (OWI) to elevate a subsequent OWI charge to a second offense. The district court held the State was precluded from using a prior vehicular homicide conviction as a prior conviction for an OWI second offense, and dismissed the trial information. We reverse and remand.

## I. Background Facts and Proceedings.

Jon Schultz was arrested and charged with OWI, second offense, in violation of Iowa Code section 321J.2. Approximately six years earlier, Schultz was convicted of vehicular homicide in the operation of a motor vehicle while under the influence. *See* Iowa Code § 707.6A(1)(a) (1991). The State used the operating while intoxicated component of the prior homicide conviction to elevate the current charge from OWI first offense to a second offense.

Schultz moved to dismiss the trial information based on the lack of a prior convic-

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).

tion for OWI separate from the vehicular homicide conviction. The district court granted the motion and dismissed the trial information. It held section 707.6A(6) (1997) prohibited a conviction for vehicular homicide based upon OWI from being used for any sentencing connected with an OWI.

The State appealed. It raises two issues. First, it claims dismissal of the trial information was not the proper remedy. Second, it claims the governing statute permits a conviction for vehicular homicide while intoxicated to be used as a prior OWI conviction under the enhanced sentencing provisions for OWI.

## II. Scope of Review.

■ We review procedural errors by the district court for correction of errors at law. Iowa R.App.P. 4. Likewise, our review of a statutory interpretation by the district court is for the correction of errors at law. *Id.; T & K Roofing Co. v. Iowa Dep't of Educ.*, 593 N.W.2d 159, 161 (Iowa 1999). We are not bound by the district court's application of legal principles or conclusions of law. *Fuller v. Iowa Dep't of Human Servs.*, 576 N.W.2d 324, 328 (Iowa 1998).

## III. Dismissal of Trial Information.

■ A trial information which charges a prior violation for enhancement of punishment of the charged offense does not make the prior violation an element of the crime charged in the trial information. *See State v. Soppe*, 374 N.W.2d 649, 651 (Iowa 1985). Thus, the number of prior OWI offenses is not an element of a pending OWI charge, but only impacts the penalty in the event guilt is found. *State v. Ridout*, 346 N.W.2d 837, 838 (Iowa 1984).

Accordingly, dismissal of a pending OWI charge is not the proper remedy for a pretrial challenge to the prior convictions asserted to enhance punishment. *Id.* at 838–39. Instead, a challenge to the prior convictions presented as a motion to dismiss should be treated as a motion for adjudication of law points. *Id.* at 838.

The district court erred by dismissing the trial information. Nevertheless, we proceed to address the remaining issue.

## IV. Statutory Interpretation.

■ The rules which govern statutory interpretation are well established. "When the text of a statute is plain and its meaning clear, the court should not search for a meaning beyond the express terms of the statute...." *Wesley Retirement Servs., Inc. v. Hansen Lind Meyer, Inc.*, 594 N.W.2d 22, 25 (Iowa 1999) (quoting *Henriksen v. Younglove Constr.*, 540 N.W.2d 254, 258 (Iowa 1995)). However, where the language of a statute is ambiguous, so that reasonable minds would differ on the meaning, we turn to our rules of interpretation. *See Lockhart v. Cedar Rapids Community Sch. Dist.*, 577 N.W.2d 845, 847 (Iowa 1998). The polestar of statutory interpretation is to give effect to the legislative intent of a statute. *Harris v. Olson*, 558 N.W.2d 408, 410 (Iowa 1997). We "consider the objects sought to be accomplished and the evils and mischiefs sought to be remedied, seeking a result that will advance, rather than defeat, the statute's purpose." *Danker v. Wilimek*, 577 N.W.2d 634, 636 (Iowa 1998) (quoting *Harris*, 558 N.W.2d at 410).

■ Our goal is to look at what the legislature said, not what it might or should have said. *See* Iowa R.App.P. 14(f)(13). In looking at the language used, we will not construe a statute in a way which creates an impractical or absurd result, nor will we speculate as to the probable legislative intent beyond what the language clearly states. *State v. Sailer*, 587 N.W.2d 756, 760 (Iowa 1998). Finally, we are mindful that criminal statutes are to be strictly construed with doubts resolved in favor of the accused. *State v. Williamson*, 570 N.W.2d 770, 772 (Iowa 1997).

## V. Iowa Code Section 707.6A(6).

■ Section 707.6A makes it a crime to unintentionally cause the death of another

by means which include operating a motor vehicle while under the influence of alcohol or having an alcohol concentration level in excess of the statutory amount. Iowa Code § 707.6A(1). The statute further provides:

> Except for the purpose of sentencing under section 321J.2, subsection 2, a conviction or deferral of judgment for a violation of this section, where a violation of section 321J.2 is admitted or proved, shall be treated as a conviction or deferral of judgment for the violation of section 321J.2 for the purposes of chapters 321, 321A, and 321J, and section 907.3, subsection 1.

*Id.* § 707.6A(6) (emphasis added).

It is this italicized language which lies at the heart of the dispute. Yet, we must begin our analysis by putting the language in context. Section 707.6A(6) establishes a general rule which permits a conviction for vehicular homicide based upon an OWI to also be treated as a conviction for OWI. It also establishes an exception to this rule "for the purpose of sentencing under section 321J.2, subsection 2." Schultz claims this rule means the statutorily implied conviction for OWI arising from a conviction for vehicular homicide cannot be used as a prior offense to support sentencing for a second or subsequent OWI offense.

The claim by Schultz would have merit if not for one critical concept. Section 321J.2(2) is a sentencing enhancement statute. It provides harsher penalties for OWI based on whether the current offense is the person's first, second, or subsequent conviction for OWI. *See* Iowa Code § 321J.2(2); *State v. Stoen,* 596 N.W.2d 504, 506 (Iowa 1999). However, we have consistently held that a repeat offender is not considered to be *sentenced* under an enhanced penalty statute for the prior conviction, but is only *sentenced* for the current conviction. *See Stoen,* 596 N.W.2d at 507. This is because a recidivist statute such as section 321J.2(2) is considered only to punish the repeat offender for the latest offense based upon the established propensity for misconduct. *See id.* (citing 16B Am.Jur.2d *Constitutional Law* § 656, at 141 (1998)).

The exception to the rule making a homicide conviction an OWI conviction is expressly limited to those situations when "sentencing" occurs under section 321J.2(2). Therefore, the exception only applies when the OWI component of the vehicular homicide conviction is also the current offense. However, when a prior vehicular homicide conviction is used to enhance the punishment for a subsequent OWI, the offender is only considered to be *sentenced* for the current OWI, not the prior vehicular homicide conviction. The exception to the rule is not implicated in this situation because no *"sentencing* under section 321J.2(2)" takes place for the OWI component of the vehicular homicide conviction. The vehicular homicide conviction is the predicate crime, not the pending or current offense subject to sentencing. Consistent with our prior decisions, the exception ensures the defendant cannot be sentenced for both OWI and vehicular homicide based upon the OWI arising from the vehicular homicide. *See State v. Axline,* 450 N.W.2d 857, 860 (Iowa 1990) (error to charge and sentence for both vehicular homicide and OWI); *State v. Pettyjohn,* 436 N.W.2d 65, 68 (Iowa App.1988) (OWI is lesser included offense of vehicular homicide and defendant cannot be sentenced for both offenses).

## VI. Conclusion.

We conclude the district court erred in interpreting section 707.6A(6) and in dismissing the trial information. We reverse and remand the case for further proceedings.

**REVERSED AND REMANDED.**