[EDITORS' NOTE: THE PUBLICATION STATUS OF THIS OPINION HAS NOT BEEN DETERMINED. THE PRECEDENTIAL VALUE OF CASES WHICH ARE NOT YET PUBLISHED IS GOVERNED BY IOWA CT. R. 6.14 (5).]
On May 31, 2005, the State charged Orlando Moore with possession of a firearm as a felon, in violation of Iowa Code section 724.26 (2003), reckless use of a firearm, in violation of section 724.30(3), and fourth-degree criminal mischief, in violation of section 716.6. Moore subsequently filed a motion to dismiss the charge of possession of a firearm by a felon, arguing this code section was inapplicable to him because he had reached the age of majority and was no longer a juvenile under adjudication for having committed a felony-level offense. The court denied the motion. After his first jury trial ended in a mistrial, a second trial, this one to the court on the minutes of evidence, was held.
On January 25, 2006, the court issued its written "Findings of Fact, Conclusions of Law, and Verdict," in which it found Moore guilty on all three counts as set out in the trial information. The court later sentenced Moore to consecutive terms totaling seven years on the charges of possession of a firearm by a felon and reckless use of a firearm.[1]
Moore appeals from his conviction for possession of a firearm as a felon. He generally maintains the court erred in denying his motion to dismiss this count. In particular, he re-asserts that because he was not a juvenile at the time of the commission of the current offense, he no longer "is adjudicated" under the terms of section 724.26.
Scope of Review.
We review issues involving the interpretation of a statute for the correction of errors at law. Iowa R. App. P. 6.4; Statev. Schultz, 604 N.W.2d 60, 62 (Iowa 1999). We are not bound by the application of the legal principles by the district court. Schultz, 604 N.W.2d at 62.
Analysis.
While Moore was a juvenile, under the age of eighteen, he was adjudicated delinquent based upon conduct which would have been a felony had it been committed by an adult. However, by the time the offense at question occurred, Moore had reached the age of eighteen. Iowa Code section 724.26 (2003), under which Moore was convicted, provides that
 [a] person who is convicted of a felony in a state or federal court, or who is adjudicated delinquent on the basis of conduct that would constitute a felony if committed by an adult, and who knowingly has under the person's dominion and control or possession, receives, or transports or causes to be transported a firearm or offensive weapon is guilty of a class "D" felony.
(Emphasis added.)
In his motion to dismiss and again on appeal from that adverse ruling, Moore suggests that this statute only applies while a person is still under the age of eighteen and therefore still under adjudication. See Iowa Code §§ 232.53
(providing that any dispositional order entered by the juvenile court shall remain in force until the child becomes eighteen years of age). He emphasizes the language "a person who . . .is adjudicated delinquent" and asserts that because he is no longer under an adjudication, section 724.26 is inapplicable to him. In short, he maintains that "is" adjudicated cannot also mean "was" adjudicated. The district court recognized the issue presented in Moore's motion to dismiss as follows:
 Did the legislature also intend to prohibit the possession of firearms as an adult who was once adjudicated delinquent for a felony level offense after he turns eighteen?
In denying Moore's motion to dismiss, the court concluded that section 724.26 is applicable to an offender who was once adjudicated delinquent for a felony-level offense, but who has since turned eighteen prior to committing the possession-of-a-firearm offense.
Accordingly, our task is to interpret the meaning of the language contained in section 724.26. In doing so, we
 apply the rules of statutory construction only when the explicit terms of a statute are ambiguous. Language that is unambiguous will be given its plain and rational meaning in light of the subject matter. In looking for legislative intent, we are guided by what the legislature actually said, rather than what it should or could have said. If legislative intent is not apparent in the statute, we will look to other considerations to determine the purpose of the statute.
 The fundamental rule is to ascertain and, if possible, give effect to the intention or purpose of the legislature as expressed in the statute. We may not, under the guise of construction, enlarge or otherwise change the terms of the statute. A statute should be construed so that effect will be given to all of its provisions, and no part is superfluous or void.
State v. Schweitzer, 646 N.W.2d 117, 120 (Iowa Ct.App. 2002) (citations omitted).
As a preliminary matter, we find ambiguity in the phrase "who is adjudicated delinquent on the basis of conduct that would constitute a felony if committed by an adult." Iowa Code §§ 724.26 (emphasis added). On the surface, it may appear this phrase is only intended to apply until the time the person turns eighteen. However, the State asserts the language is intended to encompass a person's status as having been adjudicated delinquent, which may extend beyond a person's eighteenth birthday. See Iowa Code 232.150 (relating to the sealing of juvenile records.) We thus proceed under rules of statutory construction to flesh out the meaning of this part of the statute.
The first sentence of section 724.26 covers "[a] person whois convicted of a felony. . . ." (emphasis added.) In this context, it is only reasonable to conclude that "is" must mean any individual who "has been" convicted of a felony at any time in the past. There can be no temporal limitation on determining whether a person is a felon as being convicted of a felony renders the person's status to that of a felon. As the State contends, "a convicted felon is necessarily a person with a past felony conviction." The next portion of the sentence reads "who is adjudicated delinquent." Owing to the interpretation that must be given to the "felony" prong, we conclude it is also necessary to interpret the phrase "who is adjudicated delinquent" to include anyone who has been adjudicated delinquent based on a felony-level offense.[2]
Because we must consider the challenged statute in itsentirety, State v. Byers, 456 N.W.2d 917, 919 (Iowa 1990), and to harmonize these two prongs, we believe the district court was correct in its interpretation.
In addition, from State v. Halliburton,539 N.W.2d 339, 345 (Iowa 1995), we observe our supreme court's determination that "section 724.26 is directed toward potentially harmful persons. . . ." In order to effectuate this statutory purpose, as the district court noted, it must certainly include individuals who, while juveniles, committed an offense that would be considered a felony had it been committed by an adult. To read the statute otherwise would frustrate the laudable purpose of this legislation. See State v.Rupp, 282 N.W.2d 125, 130 (Iowa, 1979) ("There is a legitimate interest in minimizing the felonious use of firearms, and a legislature reasonably may decide that persons with criminal convictions have more of a tendency to commit a crime of violence than persons without criminal records.").
Finally, we also find convincing the State's argument that, to interpret the statute in the manner suggested by Moore, would render the relevant part of section 724.26 "superfluous or void." Iowa Code section 232.55(2) provides that "[a]djudication and disposition proceedings . . . are not admissible as evidence . . . in a subsequent proceeding in any other court beforeor after the person reaches majority except in sentencing proceedings." (Emphasis added.) Moore argues this code section sets forth the limiting effect of an adjudication thereby excluding the status of a prior adjudication from current conduct. However, Moore's narrow interpretation of the phrase "who is adjudicated delinquent" under section 724.26 would bar the State from introducing evidence of a current adjudication even when the juvenile is still sixteen or seventeen years old. As the State notes, it is inconceivable that a prior juvenile adjudication could not be used to support the prosecution of a subsequent offense of the juvenile under 724.26." We agree Moore's interpretation would render part of section 724.26 void and superfluous. See Byers, 456 N.W.2d at 919 (noting we will consider the challenged statute in para materia, or together, with other pertinent statutes). The legislature could not have intended this absurd result.
Accordingly, we conclude that district court properly denied Moore's motion to dismiss. We affirm his conviction for possession of a firearm as a felon.
AFFIRMED.
[1] At the sentencing hearing, the court accepted the parties agreement that the criminal mischief should have been submitted as a misdemeanor, and it imposed a $250 fine and court costs on that conviction.
[2] A person whose record was sealed under Iowa Code section232.150 would be excluded.