# IN THE COURT OF APPEALS OF IOWA

No. 13-1301
Filed July 16, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ISAIAH JOSHUA ALEXANDER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark R. Lawson, Judge.

Isaiah Joshua Alexander appeals from the sentence imposed following his conviction of burglary in the third degree. **CONVICTION AND SENTENCE VACATED AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, Michael J. Walton, County Attorney, and Amy K. Devine, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, J.**

Isaiah Alexander appeals following his conviction of burglary in the third degree, arguing the district court erred in classifying the offense as a class "D" felony rather than the aggravated misdemeanor burglary of an unoccupied motor vehicle, resulting in an illegal sentence. He further contends the district court abused its discretion in its imposition of legal assistance costs at sentencing. We do not reach the attorney's fees issue because we find the erroneous classification of the offense as a felony resulted in a conviction and prison sentence not authorized by statute. The conviction and sentence are vacated, and the case is remanded for resentencing.

### I. Factual and Procedural Background

On or around November 13, 2010, Isaiah Alexander broke a passenger-side window on a motor home, which was parked in a fenced lot in Davenport, Iowa. The motor home was in storage, and no one was inside. He removed a 32" flat-screen television and then pawned it in Moline, Illinois.

Alexander waived his right to a jury trial, and a bench trial took place on June 3, 2013. The parties stipulated to all evidence, and the defense did not deny any of the factual allegations regarding Alexander's actions. Alexander's contention was that the burglary was an aggravated misdemeanor offense under the "unoccupied motor vehicle" exception found in Iowa Code section 713.6A(2) (2009): "Burglary in the third degree involving a burglary of an unoccupied motor vehicle or motor truck as defined in section 321.1 . . . is an aggravated misdemeanor for a first offense." The district court found Alexander guilty of

burglary in the third degree citing Iowa Code section 713.6A(1): the felony classification.

Alexander moved in arrest of judgment and for reconsideration of findings of fact, conclusions of law, and verdict. The motions were denied on August 14, 2013, at which time Alexander was sentenced to imprisonment for a period not to exceed five years based on the class "D" felony classification. Alexander now appeals the felony sentence.

## II. Standard and Scope of Review

Alexander challenges the legality of his felony conviction and sentence. The challenge presents no dispute of fact or factual inference but turns upon interpretation of the relevant statute. *State v. Cullison*, 227 N.W.2d 121, 126 (Iowa 1975). We review matters of statutory interpretation for errors of law. *State v. Johnson*, 528 N.W.2d 638, 640 (Iowa 1995).

## III. Discussion

While the district court based its decision upon its interpretations of sections 713.1 and 702.12, we conclude that the sole issue presented in determining the legality of Alexander's felony sentence is whether the motor home is an "unoccupied motor vehicle" under Iowa Code section 713.6A(2).

Alexander argues a motor home with nobody inside is an unoccupied motor vehicle, falling within the section 713.6A(2) exception.[1] The State argues it

---

[1] On appeal, Alexander for the first time characterizes his argument regarding this provision as an issue arising under the Due Process Clause of the United States Constitution based on language from *Alleyne v. United States*, 133 S. Ct. 2151 (2013). However, "[i]ssues on appeal not raised in the district court are deemed waived." *State v. Meyers*, 799 N.W.2d 132, 147 (Iowa 2011).

is not. We therefore look to our principles of interpretation in order to correctly apply section 713.6A(2).

In statutory interpretation matters, "we are guided by well-established principles." *State v. Tesch*, 704 N.W.2d 440, 451 (Iowa 2005). We first determine whether the terms of the statute are clear or ambiguous. *State v. Schultz*, 604 N.W.2d 60, 62 (Iowa 1999). There is ambiguity where "reasonable minds may differ or may be uncertain as to the meaning of a statute." *State v. Green*, 470 N.W.2d 15, 18 (Iowa 1991). Ambiguity may be the result of troubling individual terms but can also arise "from the general scope and meaning of a statute when all its provisions are examined." *State v. Wiederien*, 709 N.W.2d 538, 541 (Iowa 2006). If there is no ambiguity, "the court should not search for a meaning beyond the express terms." *Schultz*, 604 N.W.2d at 62 (citations omitted).

Where there is ambiguity, however, we rely on our rules of interpretation. *Tesch*, 704 N.W.2d at 451. Our primary goal is to give effect to the legislature's intent in enacting the statute. *Id.* However, we look only at the actual words of the legislature; we will not speculate as to a statute's "probable intent," nor will we substitute our judgment for that of the legislature by considering what it "might or should have said." *Id.* We naturally avoid any interpretation that creates an impractical or absurd result. *Id.* If any individual term is not defined by the legislature, we may rely on its common meaning. *Id.* And notably, "criminal statutes are to be strictly construed with doubts resolved in favor of the accused." *Schultz*, 604 N.W.2d at 62.

Iowa Code section 713.6A(2) is unambiguous. It provides that "[b]urglary in the third degree[2] involving a burglary of an unoccupied motor vehicle or motor truck as defined in section 321.1 . . . is an aggravated misdemeanor for a first offense." Iowa Code § 713.6A(2). If the motor home in this case was an "unoccupied motor vehicle," then the crime is classified as an aggravated misdemeanor. Section 321.1(42)(a) defines a "motor vehicle" as "a vehicle which is self-propelled and not operated upon rails." The State concedes that the motor home is a "motor vehicle" under the statutory definition.

The term "unoccupied" in the context of section 713.6A(2) is not defined by statute. In its plain form, "unoccupied" means simply that no one was present inside the vehicle at the time of the burglary. New Oxford American Dictionary (3d ed. 2010), *available at* http://www.oxforddictionaries.com/us/definition /american_english/unoccupied (defining unoccupied as "having fixtures and furniture but no inhabitants or occupants"). Alexander's entry into the motor home when no one else was present is therefore a burglary involving an unoccupied motor vehicle and should be classified as an aggravated misdemeanor under section 713.6A(2).

However, we recognize that there may be some ambiguity in the broader burglary statute when viewed as a whole. Iowa Code ch. 713. There are multiple statutory provisions interrelated with the section 713.6A(2) exception, including the provisions setting out the elements of the crime.

---

[2] Iowa Code section 713.6A(1) states, "All burglary which is not burglary in the first . . . or second degree is burglary in the third degree. Burglary in the third degree is a class 'D' felony, *except as provided in subsection 2*." (Emphasis added.)

Iowa Code section 713.1 provides that "[a]ny person, having the intent to commit a . . . theft therein, who, having no right, license or privilege to do so, enters an occupied structure . . . commits burglary."

Iowa Code section 702.12 statutorily defines the term "occupied structure," which includes "any . . . land [] vehicle . . . adapted for overnight accommodation of persons." Since this statute is directly applicable to the motor home on its face, Alexander conceded at trial that the motor home is an occupied structure. But even with that concession, confusion arose between both parties and the court in their attempts to precisely express what legal question needed to be answered.

The district court described the "fighting issue" in the case as whether the motor home was an "occupied structure." The court applied our supreme court's holding in *State v. Sanford*, 814 N.W.2d 611, 619 (Iowa 2012), and determined that the motor home was indeed an occupied structure for the purposes of Iowa Code section 713.1. However, there was no dispute that the motor home was an occupied structure; Alexander's concession foreclosed any need for an in-depth analysis. While the analysis of this element does not directly address Alexander's argument, it does illustrate where the statutory ambiguity arises.

Under section 713.1, burglary must always involve an "occupied structure." At the same time, the section 713.6A(2) exception applies to circumstances involving the burglary of an "unoccupied motor vehicle." In other words, section 713.6A(2) concerns the burglary of an "unoccupied occupied structure."

An unoccupied occupied structure is self-contradictory in a plain-language sense.[3] Due to this self-contradiction, "reasonable minds may . . . be uncertain as to the meaning of the statute," rendering it ambiguous. *Green*, 470 N.W.2d at 18. We therefore apply our rules of statutory interpretation to resolve the confusion, and a cogent, discernable interpretation of the term emerges to answer the issue.

Our goal is to give the statute the effect that the legislature intended. To do so, we will use statutory definitions where they are provided and common meanings of words where they are not. *Tesch*, 704 N.W.2d at 451. In this case, we have a statutory definition of "occupied structure." Iowa Code § 702.12. We do not have a statutory definition of "unoccupied" in relation to a motor vehicle, so we apply its common meaning. Using these two definitions in tandem, the motor home is capable of being simultaneously occupied (in a statutory sense) and unoccupied (in a plain language sense).

The district court characterized Alexander's position as arguing that "no 'unoccupied motor vehicle' can ever attain the status of an 'occupied structure.'" The statutory effect is quite the opposite: an unoccupied motor vehicle under section 713.6A(2) necessarily is an occupied structure according to the relevant statutory definition. Indeed, if an unoccupied motor vehicle is categorically not an occupied structure, then section 713.6A(2) is illusory and has no effect.

---

[3] Indeed, throughout the record, the district court, the State, and defense counsel all understandably stumble over this terminology on multiple occasions, causing significant confusion as to the precise nature of Alexander's position and the function of Iowa Code section 713.6A(2).

The district court further rejected Alexander's contentions by reference to the social policy behind a burglary statute: "to protect against the creation of a situation dangerous to personal safety caused by unauthorized entry." *Sanford*, 814 N.W.2d at 618. The citation to *Sanford* is apt in describing the legislative intent of section 713.1. *Sanford*, however, does not address sections 713.6A(1) and 713.6A(2) in either the effect of their specific language when read together or their own legislative intent.

The legislature enacted our current burglary statute in 1976. *See* 1976 Iowa Acts ch. 1245, § 1301. It introduced burglary in the third degree as a class "D" felony in 1992. *See* 1992 Iowa Acts ch. 1231, § 61. The inclusion of the unoccupied-motor-vehicle, aggravated-misdemeanor exception did not occur until 2001. *See* 2001 Iowa Acts ch. 165, § 1. All of these three enactments were undertaken individually and at different times in our state's history. Because the exception was enacted separately from the definitional burglary provisions, we conclude that the legislature's intent in 2001 was to lessen the severity of the penalty imposed upon defendants who enter a vehicle in which no one is present. This intent does not contradict the burglary statute's overall policy goals.

Rather, the contours of the exception are *consistent* with the public policy underlying burglary statutes: "a situation dangerous to personal safety caused by unauthorized entry" will arise if the burglar enters a motor home and someone is inside. *See Sanford*, 814 N.W.2d at 618. In such a case, the burglar is subject to the penalty attendant a class "D" felony because section 713.6A(2) is not applicable. When the vehicle is unoccupied, on the other hand, there is no

danger to anyone's personal safety, and the severity of the sentence may be lessened.

The State argues that the legislature needed to list "motor home" as expressly excepted in section 713.6A(2) if it intended for motor homes to be within the exception. We reject this argument, as it would by extension require the legislature to list explicitly every type of motor vehicle that would otherwise be included within the statutory definitions. *See, e.g.*, Iowa Code § 321.1(5) (defining "ambulance"), (7A) (defining "business-trade truck"), (12) (defining "commercial vehicle"), (44) (defining "multipurpose vehicle"). Such a list would merely reconfirm that the legislature meant what it said when it incorporated the statutorily defined term "motor vehicle" in its exception.

Our interpretation of the exception in section 713.6A(2) is consistent with the statute's plain language, the legislative intent behind the provision, and the public policy underlying its passage. We find Alexander's third-degree burglary conviction must be classified as an aggravated misdemeanor.[4] His sentence of imprisonment not to exceed five years is therefore not authorized by statute. Iowa Code § 903.1(2). We vacate the felony conviction and sentence and remand for resentencing.

**CONVICTION AND SENTENCE VACATED AND REMANDED.**

---

[4] We note that the section 713.6A(2) exception may not have applied since this burglary conviction appears to have been a second or subsequent conviction falling under that same subsection. The State has conceded, however, that it waived this argument by failing to so allege in the trial information.