# In the Iowa Supreme Court

No. 24–0030

Submitted January 21, 2025—Filed February 14, 2025

**Jessenia Burton, Nancy Burton,** and **Tracy Burton,**

Appellants,

vs.

**West Bend Mutual Insurance Company,**

Appellee.

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, judge.

Interlocutory appeal from a district court order granting the defendant's motion to compel the production of psychological test material and test data to the defendant. **Reversed and Case Remanded.**

McDonald, J., delivered the opinion of the court, in which all justices joined.

Robert Conklin (argued), Jim Lawyer, and Elizabeth Boyer of Lawyer, Lawyer, Dutton, Drake & Conklin, LLP, Urbandale, for appellants.

Adam D. Zenor (argued) and Allyson F. Aden of Zenor Law Firm, P.L.C., Des Moines, for appellee.

Stephanie A. Koltookian and Jennifer E. Lindberg of Brown, Winick, Graves, Gross and Baskerville, P.L.C., Des Moines, for amicus curiae Iowa Psychological Association.

Angela E. Dralle of Dorsey & Whitney LLP, Des Moines, and Shannon L. Bjorkland of Dorsey & Whitney LLP, Minneapolis, Minnesota, for amicus curiae Pearson Clinical Assessment.

**McDonald, Justice.**

The Iowa Code provides that "[m]ental health information may be disclosed" in a civil proceeding where an individual "offers the individual's mental or emotional condition as an element of a claim or a defense." Iowa Code § 228.6(4)(*a*) (2023). A different provision of the Code, however, prohibits the disclosure of certain mental health information in a judicial proceeding, providing that "a person in possession of psychological test material shall not disclose the material to any other person" and that "the test material shall not be disclosed in any . . . judicial . . . proceeding." *Id.* § 228.9. The Code also provides an exception to this prohibition. It allows "an individual who is the subject of a test" to request "all records associated" with the test to be disclosed to a designated licensed psychologist. *Id.* The question presented in this interlocutory appeal is whether psychological test material and test data can be disclosed in civil discovery in a personal injury case to anyone other than a designated licensed psychologist.

I.

On April 30, 2017, Jessenia Burton was a student driver in a drivers' education course when another vehicle crashed into her vehicle. Burton and her parents filed this lawsuit against several defendants, including West Bend Mutual Insurance Company. West Bend provided uninsured and underinsured motorist coverage for the vehicles used in the drivers' education course.

In support of her claims, Burton retained neuropsychologist Dr. Daniel Tranel as a testifying expert. Dr. Tranel conducted a neuropsychological evaluation of Burton in October 2022 and prepared an expert report. The report detailed Burton's medical history. Dr. Tranel noted that Burton was diagnosed with a concussion and postconcussion syndrome following the accident.

Dr. Tranel's report listed the battery of psychological and neuropsychological tests he administered to Burton and provided summaries of Burton's performance on these tests. The summaries were typically stated in terms of percentiles. For example, the report stated, "Abstract verbal reasoning and concept formation was average (63rd %ile) and general knowledge of factual information was low average (16th %ile)." Dr. Tranel concluded that the accident caused Burton to suffer "mild deficits in overall intellectual functioning and executive functioning" and that the "deficits are likely to be permanent." He also diagnosed Burton with posttraumatic stress disorder and major depressive disorder.

After Burton disclosed Dr. Tranel's report to West Bend, West Bend requested "any reports, memos, and documents prepared for Plaintiff by any person identified as an expert witness," including "testing worksheets, questionnaires, or other documents prepared for Plaintiff during her neuropsychological evaluation." Burton resisted the request for production of documents. She claimed production of these documents to anyone other than a designated licensed psychologist was prohibited by Code section 228.9.

When the parties were unable to resolve the discovery impasse, West Bend filed a motion to compel the production of "Burton's responses to [Dr. Tranel's] test questions, summaries of her performance on the tests, and other data and information, reports, memos, questionnaires, notes, authorities, forms, or other evaluation tools."

Burton resisted the motion to compel. She argued that Iowa Code section 228.9 prevented the disclosure of the psychological test material and test data to anyone other than a licensed psychologist, including West Bend and its lawyers. She explained the law served several purposes. First, the law is in

accord with the American Psychological Association Ethics Code. Second, the law maintains test security and protects the scientific validity of the testing instruments. Third, the law keeps sensitive data out of the hands of harmful actors. Fourth, the law prevents data from falling into the hands of unlicensed persons who may not understand the tests or test data and who may misrepresent the conclusions or findings.

The district court granted West Bend's motion to compel. The court reasoned that when a party makes her mental condition an element in a claim, as Burton had, then the party's mental health information becomes discoverable pursuant to Iowa Code section 228.6(4)(*a*). As the court explained, "Iowa Code section 228.6(4)(*a*) expressly provides that mental health information may be disclosed in a civil proceeding in which an individual offers that individual's mental or emotional condition as an element of a claim." The court ordered that the information be produced to West Bend and its attorneys, and it issued a protective order to limit further disclosure of the information.

## II.

We granted Burton's application for interlocutory appeal. In her appeal, she challenges the district court's order granting West Bend's motion to compel production of Dr. Tranel's psychological test material and test data. "Our review of a ruling by the district court on a motion to compel discovery is for abuse of discretion." *Keefe v. Bernard*, 774 N.W.2d 663, 667 (Iowa 2009). "An abuse of discretion consists of a ruling which rests upon clearly untenable or unreasonable grounds." *Struve v. Struve*, 930 N.W.2d 368, 377 (Iowa 2019) (quoting *Lawson v. Kurtzhals*, 792 N.W.2d 251, 258 (Iowa 2010)). "Misapplying a rule of law is an abuse of discretion." *In re Condemnation of Certain Rts. in Land for Extension of Armar Drive Project by City of Marion*, 974 N.W.2d 103, 111 (Iowa

2022). To the extent this presents a question of statutory interpretation, our review is for the correction of errors at law. *See Keefe*, 774 N.W.2d at 667.

The scope of discovery in civil litigation is broad; generally, every litigant is entitled to every person's evidence. *See* Iowa Rs. Civ. P. 1.500(1)(*a*)(2) (requiring parties to produce "[a]ll documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses"), 1.503(1) ("Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ."); *Willard v. State*, 893 N.W.2d 52, 62 (Iowa 2017) ("We construe discovery rules liberally in order to assist in the disclosure of all relevant and material information."); *Sullivan v. Chi. & Nw. Transp. Co.*, 326 N.W.2d 320, 326 (Iowa 1982) ("As a general rule, the scope of discovery . . . is broad indeed . . . ."). This includes the discovery of "mental health information" where, as here, the plaintiff "offers the individual's mental or emotional condition as an element of a claim." Iowa Code § 228.6(4)(*a*).

Even so, there are exceptions to the general rule. *See, e.g., id.* § 147.135(2) (stating that peer review records "are not subject to discovery" or release other than to certain specified individuals); Iowa R. Civ. P. 1.503(1) (acknowledging that parties may only obtain discovery regarding matters "not privileged"); *Willard*, 893 N.W.2d at 64 ("We find that Iowa Code section 135.42 extends to prevent discovery of PSNs and related documents."). This case presents the question of whether psychological test material and test data are one of the exceptions to the general rule.

We begin our analysis of the issue with the text of the relevant provisions. *See Rottinghaus v. Lincoln Sav. Bank* (*In re Est. of Franken*), 944 N.W.2d 853, 859 (Iowa 2020). The Code provides:

> Except as otherwise provided in this section, a person in possession of psychological test material shall not disclose the material to any other person, including the individual who is a subject of the test. In addition, the test material shall not be disclosed in any administrative, judicial, or legislative proceeding. However, upon the request of an individual who is the subject of a test, all records associated with a psychological test of that individual shall be disclosed to a psychologist licensed pursuant to chapter 154B designated by the individual.

Iowa Code § 228.9. The language of the statute is plain and unambiguous: psychological test material and all records associated with the test material cannot be disclosed in a judicial proceeding. The only statutory exception to this prohibition is that psychological test material and all records associated with the test may be disclosed to a psychologist licensed pursuant to chapter 154B.

The statutory limitation on the disclosure of psychological information is reiterated in the administrative rules governing the practice of psychology. The administrative code defines test materials and test data. *See* Iowa Admin. Code r. 645—243.1 (2023). Like the statute, the administrative code prohibits a licensee from disclosing psychological test materials, test data, and associated records except to another licensed psychologist designated by the examinee or subject of the test in writing. *See id.* r. 645—243.4(2)–(3). This limitation on the disclosure of psychological test material, test data, and associated records includes disclosure in any judicial proceeding. *Id.* r. 645—243.4(3); *see also id.* r. 645—243.4(2) ("A psychologist who receives test data in this manner may not further disseminate the test data.").

Despite the unambiguous language of the statute and the administrative regulations, the district court held that the psychological test material and test

data in the possession of Dr. Tranel were discoverable and could be produced to West Bend and its attorneys. The district court reached that conclusion by relying on a different statutory provision, specifically, Iowa Code section 228.6. As relevant here, that Code section provides:

> Mental health information may be disclosed in a civil or administrative proceeding in which an individual eighteen years of age or older or an individual's legal representative or, in the case of a deceased individual, a party claiming or defending through a beneficiary of the individual, offers the individual's mental or emotional condition as an element of a claim or a defense.

*Id.* § 228.6(4)(*a*). The district court reasoned that section 228.6(4)(*a*) was an exception to the disclosure limitations contained in section 228.9 when, as here, the plaintiff puts her mental health information at issue.

West Bend contends the district court's construction of the two statutory provisions was correct. We disagree. First, the plain language of Iowa Code section 228.9 provides that the only exceptions to the statutory limitation on the disclosure of psychological information are those explicitly contained in "this section." *Id.* § 228.9. The only exception contained in section 228.9 is that "all records associated with a psychological test" can be disclosed only "to a psychologist licensed pursuant to chapter 154B designated by the individual." *Id.* By looking to other sections in chapter 228, the district court expanded the language of the statute and interpreted the word "this section" to mean "this chapter." *Cf. State v. Brown,* ___ N.W.3d ___, ___, 2025 WL 223359, at *7 (Iowa Jan. 17, 2025) (recognizing that sections are narrower than and fall within chapters). Second, it is a "familiar canon of construction" that to the extent there is a conflict or ambiguity between a general statutory provision—allowing discovery of mental health information when a party puts it at issue under section 228.6(4)(*a*)—and a specific statutory provision—limiting the disclosure of

psychological test material and test data pursuant to section 228.9—the specific statute controls. Iowa Code § 4.7; *MidWestOne Bank v. Heartland Co-op*, 941 N.W.2d 876, 883 (Iowa 2020); *see also Oyens Feed & Supply, Inc. v. Primebank*, 808 N.W.2d 186, 194 (Iowa 2011). The district court failed to apply this familiar canon of construction here.

Our conclusion that section 228.9 prohibits the disclosure of psychological test material and test data in a civil proceeding to anyone other than a psychologist licensed pursuant to chapter 154B is supported by the persuasive ruling in *Whitney v. Franklin General Hospital*, No. C13–3048, 2014 WL 7339213 (N.D. Iowa Dec. 23, 2014). In that case, a psychologist retained as an expert by the plaintiff offered to disclose test data to a licensed psychologist retained by the defendant but refused to provide the test data directly to defense counsel. *Id.* at *1. The court concluded that the "statutory limitations found in Iowa Code § 228.9 . . . are clear and unambiguous" and that the retained psychologist was "prohibited from disclosing the test material to any other person, including Plaintiff." *Id.* at *4. The court thus ordered the plaintiff to request that the retained expert "provide the raw test data to Defendants' expert . . . , a licensed psychologist." *Id.* Whitney mirrors our conclusion and interpretation of section 228.9: Psychological test material, test data, and associated records can only be disclosed by a licensed psychologist to another licensed psychologist.

We have also examined decisions from other jurisdictions, but these decisions are not particularly helpful in our resolution of the statutory question presented. Some courts have allowed discovery of psychological test material and test data. *See, e.g., United States v. Samples*, No. CR. 01–154(L)(DWF/SRN), 2004 WL 759567, at *2 (D. Minn. Apr. 6, 2004) (declining to reach the issue but noting that a court order to produce test data would "resolve" potential ethical

issue); *Randy's Trucking, Inc. v. Superior Ct.*, 308 Cal. Rptr. 3d 645, 669 (Ct. App. 2023) ("The Legislature, however, has not codified the expert-to-expert limitation advocated by defendants and amici curiae."); *Palmer v. State*, No. AAN CV–22–6047752–S, 2024 WL 1403567, at *3 (Conn. Super. Ct. Mar. 27, 2024); *State ex rel. Svejda v. Roldan*, 88 S.W.3d 531, 533 (Mo. Ct. App. 2002) (stating that ethical principles do not provide an exception to "Missouri's broad discovery rules"). These cases allow disclosure based on a balancing of one party's need for the information against the ethical restraints imposed on licensed psychologists, the commercial interests of the testing companies, and the need to protect the scientific validity of the testing instruments—which could be impaired from wide disclosure of the testing material. *See, e.g., Randy's Trucking*, 308 Cal. Rptr. 3d at 660–64. None of these decisions involve the interpretation of a statute or regulation explicitly limiting the disclosure of psychological test material and test data from disclosure in a judicial proceeding. *See* Iowa Code § 228.9; Iowa Admin. Code r. 645—243.4(2)–(3).

Other states have enacted similar, but weaker, counterparts to Iowa law. For example, these laws permit disclosure unless disclosure would compromise the objectivity, fairness, or integrity of the testing process. *See, e.g.*, 740 Ill. Comp. Stat. 110/3(c) (2024) ("Psychological test material whose disclosure *would compromise the objectivity or fairness* of the testing process may not be disclosed to anyone . . . ." (emphasis added)); Minn. Stat. § 148.965 (2024) ("[A] provider shall not be required to provide copies of psychological . . . test materials . . . if the provider reasonably determines that access *would compromise the objectivity, fairness, or integrity* of the testing process . . . ." (emphasis added)). Disclosure has been allowed under these provisions. *See, e.g., Mayer v. Village of South Holland*, No. 07 C 5408, 2008 WL 4679483, at *3 (N.D. Ill. May 8, 2008)

("Section 3(c) only prohibits disclosure of test materials that would compromise the test."). These cases do not involve the explicit statutory and regulatory limitations imposed under Iowa law.

Some courts presented with a similar question have reached a conclusion similar to ours. *See Walton v. N.C. Dep't of Ag. & Consumer Servs.*, No. 5:09–CV–302–FL, 2011 WL 2893622, at *2 (E.D.N.C. July 15, 2011) ("Plaintiff would require Dr. Calloway to disclose privileged or protected materials which would impose on Dr. Calloway an undue burden by requiring her to violate ethical and contractual obligations. . . . Dr. Calloway shall not be required to produce copies of the psychological testing materials."); *Collins v. TIAA-CREF*, No. 3:06CV304–C, 2008 WL 3981462, at *5 (W.D.N.C. Aug. 22, 2008) (granting defendant's motion to quash a subpoena because the plaintiff sought "privileged [raw testing] materials" and "place[d] an undue burden on Dr. Varley in asking him to violate both his ethical and contractual obligations" but permitting plaintiff to retain a licensed psychologist to receive the materials); *cf. Chiperas v. Rubin*, No. CIV.A.96–130TPJ/JMF, 1998 WL 765126, at *2 (D.D.C. Nov. 3, 1998) (stating that the court did not need to resolve the dispute after the defendant hired a licensed psychologist to receive the test data). However, as with the decisions allowing disclosure to people other than licensed psychologists, these decisions are of little value in this case.

In short, the persuasive authorities shed little light on the question presented in this case. Some of those cases involve interpretations of statutes, regulations, and ethical rules not at issue here. Some of those cases involve the balancing of competing policy interests not at issue here. This case presents only a question of interpretation. On that question, "[o]ur duty is to adhere to the plain meaning of the text." *Calcaterra v. Iowa Bd. of Med.*, 965 N.W.2d 899, 908

(Iowa 2021). "When the text of a statute is plain and its meaning clear, the court should not search for a meaning beyond the express terms of the statute . . . ." *State v. Iowa Dist. Ct.*, 902 N.W.2d 811, 815 (Iowa 2017) (omission in original) (quoting *State v. Schultz*, 604 N.W.2d 60, 62 (Iowa 1999)). Iowa Code section 228.9 and related regulations are clear and unambiguous: they prohibit the disclosure of psychological test material and test data in a judicial proceeding except that the subject of the test may direct a licensed psychologist in possession of such materials to disclose them to a designated psychologist licensed under chapter 154B.

We recognize that our interpretation of the plain language of the statute and relevant regulations is not without consequence. The fact that West Bend cannot obtain the test material or test data unless it retains a licensed psychologist to receive the information may hinder West Bend's ability to obtain relevant discovery and may hinder West Bend's ability to conduct effective cross-examination of Dr. Tranel. West Bend's only solution to mitigate these potential litigation disadvantages is to incur additional expense and retain its own licensed psychologist to receive and evaluate the psychological test material and test data upon which Dr. Tranel relied. These costs are imposed as part of the legislature's balance of competing considerations, including fairness in litigation, the ethical obligations of licensed psychologists, maintaining the scientific validity of psychological test material, and protecting the commercial interest of testing companies. "It is the legislature's role to balance these considerations, not ours. Presumably, the legislature did so when it enacted Iowa Code section [228.9]." *Calcaterra*, 965 N.W.2d at 908.

III.

Our legislature has expressly proscribed the disclosure of psychological test material and test data in a judicial proceeding to anyone other than a "psychologist licensed pursuant to chapter 154B." Iowa Code § 228.9. It is not within our province to disregard this clear command. The district court erred in granting West Bend's motion to compel the disclosure and production of these materials to West Bend and its attorneys. We reverse the district court's order granting West Bend's motion to compel and vacate the district court's protective order relating to the same.

**Reversed and Case Remanded.**